UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MALINA BUCHANAN,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05370-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 13, 2015 |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income ("SSI") benefits.  This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On March 6, 2008, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications she became disabled beginning September 15, 2000. *See* Dkt. 10, Administrative Record ("AR") 144. Both applications were

REPORT AND RECOMMENDATION - 1

denied upon initial administrative review on July 24, 2008, and on reconsideration on October 27, 2008. *See id.* A hearing was held before an administrative law judge ("ALJ") on April 5, 2011, at which plaintiff, represented by counsel, appeared and testified, as did plaintiff's mother and a vocational expert. *See* AR 41-77. At that hearing, plaintiff's counsel moved to dismiss the application for disability insurance benefits due to lack of medical evidence, which was granted by the ALJ. *See* AR 15, 44, 144.

In a decision dated April 19, 2011, the ALJ determined plaintiff to be not disabled. *See* AR 144-53. On October 6, 2011, the Appeals Council granted plaintiff's request for review of the denial of her application for SSI benefits, remanding the matter for further administrative proceedings. *See* AR 163-65. On remand, a hearing was held before a different ALJ on July 17, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a medical expert and the same vocational expert. *See* AR 78-136. In a decision dated October 11, 2012, that ALJ found plaintiff to be not disabled as well. *See* AR 15-28.

Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on March 28, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1; 20 C.F.R. § 416.1481. On May 14, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on July 22, 2014. *See* Dkt. 10. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in evaluating the medical opinion evidence from Terrill R. Utt, M.D., Mark Heilbrunn, M.D., and David Lischner, M.D.; (2) in assessing plaintiff's residual functional

REPORT AND RECOMMENDATION - 2

capacity; and (3) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the opinion of Dr. Heilbrunn, in assessing plaintiff's residual functional capacity and in finding her to be capable of performing other jobs existing in significant numbers in the national economy, and therefore in determining plaintiff to be not disabled. Also for the reasons set forth below, however, the undersigned recommends that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is

REPORT AND RECOMMENDATION - 3

required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I. The ALJ's Evaluation of Dr. Heilbrunn's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole*." Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

REPORT AND RECOMMENDATION - 5

With respect to the medical opinion evidence from Dr. Heilbrunn, the ALJ found as follows:

> In June 2008, consultative physician Dr. Heilbrunn opined the claimant could stand or walk for at least thirty minutes uninterrupted and for a cumulative length of time of five hours in a eight-hour workday (Ex. 4F). The doctor opined the claimant could sit for at least thirty minutes uninterrupted and for a total of five hours in an eight-hour workday. The doctor opined the claimant could lift and carry a maximum of two to three pounds frequently, and was unable to lift and carry five pounds with either hand. I give this opinion limited weight because the doctor appears to rely heavily on the subjective report of symptoms and limitations provided by the claimant, but as explained in this decision, I question the reliability of her complaints. The doctor's objective findings do not support the opinion, and he did not have diagnostic imaging to review. The only medical evidence the doctor reviewed was a prior psychological evaluation, which does not support the opined limitations. These lifting limitations are also inconsistent with the claimant's self-reported activities of daily living of vacuuming and doing laundry. Furthermore, the opinion is also inconsistent with later diagnostic imaging and examination showing the claimant had moderate cervical degenerative changes and minimal lumbar degenerative changes, and intact range of motion of the neck, mild decreased range of motion of the low back, and grossly distal neurological findings (Exs. 26F/1, 3; 28F/3).

AR 24. Plaintiff argues these are not valid reasons for rejecting Dr. Heilbrunn's opinion. The undersigned agrees.

A physician's opinion premised on a claimant's subjective complaints may be discounted where the record supports the ALJ in discounting the claimant's credibility. *See Tonapetyan*, 242 F.3d at 1149 (noting rejected physician's opinion relied only on claimant's subjective complaints and testing within claimant's control). But as noted by plaintiff, Dr. Heilbrunn did not just rely on the subjective report of symptoms to support his opinion, but pointed to objective findings as well. For example, he stated plaintiff was limited to standing and walking for at least 30 minutes uninterrupted as well as sitting for at least 30 minutes uninterrupted, both "as manifested in the examination room." AR 458. Similarly, Dr. Heilbrunn stated she could lift and carry a maximum of two to three pounds on a frequent basis "as measured in examination." AR 459. Nowhere in

REPORT AND RECOMMENDATION - 6

the same functional assessment section of his evaluation report did Dr. Heilbrunn indicate that he relied more heavily or primarily on plaintiff's subjective reporting.

Second, also as noted by plaintiff, Dr. Heilbrunn included objective clinical findings in his evaluation report that could be deemed supportive of his functional assessment. For example, he found plaintiff had a guarded gait and guarded movements, tenderness in both her neck and back, limitations in straight leg raising, and an inability to kneel or crouch. *See* AR 456-58. Her ability to abduct, extend, flex and rotate her upper and lower extremities varied as well. *See* AR 457. Although the ALJ determined that these findings did not support the limitations Dr. Heilbrunn assessed, it is not at all clear on what basis the ALJ made that determination, again given that it certainly is conceivable that a physician could deem such findings to be supportive thereof and the ALJ's own lack of medical expertise. *See Gonzalez Perez v. Secretary of Health and Human Services*, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not substitute own opinion for findings and opinion of physician); *McBrayer v. Secretary of Health and Human Services*, 712 F.2d 795, 799 (2nd Cir. 1983) (ALJ cannot arbitrarily substitute own judgment for competent medical opinion); *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982) (ALJ may not base decision on "his own expertise").

Third, while Dr. Heilbrunn may not have reviewed diagnostic imaging studies prior to giving his opinion, the ALJ fails to explain how this necessarily undermines that opinion, given that there is no requirement that an examining physician must rely on such studies to form his or her opinion, and that the most recent imaging study reveals both a disc bulge and disc protrusion, the latter of which appears to be touching the spinal cord and deforming it slightly, which once more could be seen as supportive Dr. Heilbrunn's functional assessment. *See* AR 584. Fourth, and lastly, while a claimant's daily activities that contradict a medical opinion can form a basis

REPORT AND RECOMMENDATION - 7

for rejecting that opinion, the undersigned agrees with plaintiff that the evidence in the record of plaintiff's own daily activities also do not necessarily show plaintiff has more physical functional capabilities than found by Dr. Heilbrunn. *See* AR 349-54, 357-62, 469-70; *Morgan*, 169 F.3d at 601-02 (upholding rejection of physician's opinion in part on basis that claimant's activities of daily living contradicted it).

II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the

REPORT AND RECOMMENDATION - 8

medical or other evidence." *Id.* at *7.

The ALJ in this case assessed the following physical residual functional capacity:

> **. . . to perform light work . . . except the claimant is limited to lifting ten pounds occasionally and less than ten pounds frequently. The claimant can stand and[/]or walk about six hours of an eight-hour workday and can sit for six hours of an eight-hour workday provided she has the option to sit and/or stand every thirty minutes. The claimant can occasionally kneel, stoop, and crouch. The claimant can frequently climb ramps, stairs, ladders, ropes, and scaffolds. The claimant can frequently balance and crawl. . . .**

AR 20 (emphasis in original). But because as discussed above the ALJ erred in evaluating the opinion of Dr. Heilbrunn, who assessed plaintiff with more restrictive functional limitations (*see* AR 458-59), it is far from clear that the ALJ's RFC assessment completely and accurately describes all of plaintiff's physical capabilities. Accordingly, here too the ALJ erred.

III.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Tackett*, 180 F.3d at 1100-1101; *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.*

REPORT AND RECOMMENDATION - 9

(citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the most recent hearing, the second ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual functional capacity. *See* AR 124-25. In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. *See* AR 124-26. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. *See* AR 27-28. Again, however, because the ALJ erred in evaluating the opinion of Dr. Heilbrunn and thus in assessing plaintiff's RFC, it is far from clear that the hypothetical question the ALJ posed completely and accurately describes all of plaintiff's functional limitations. Accordingly, it cannot be said that the vocational expert's testimony, and thus the ALJ's step five determination, is supported by substantial evidence and therefore free of error.

IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further

REPORT AND RECOMMENDATION - 10

administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, they should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain concerning the opinion of Dr. Heilbrunn, plaintiff's residual functional capacity and plaintiff's ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

Plaintiff argues Dr. Heilbrunn's opinion should be credited as true. Where an ALJ has failed "to provide adequate reasons for rejecting the opinion of a treating or examining physician," that opinion generally is credited "as a matter of law." *Lester*, 81 F.3d at 834 (citation omitted). However, where the ALJ is not required to find the claimant disabled on crediting of evidence, this constitutes an outstanding issue that must be resolved, and thus the *Smolen* test will not be found to have been met. *Bunnell v. Barnhart*, 336 F.3d 1112, 1116 (9th Cir. 2003); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (courts should "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled"). Here, because given the evidence in the record as a whole, it is far from clear that the ALJ would be required to adopt the functional limitations Dr. Heilbrunn assessed, application of the credit as true rule is inappropriate at this time.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ

REPORT AND RECOMMENDATION - 11

improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **March 13, 2015**, as noted in the caption.

DATED this 25th day of February, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12